IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN, | CV-25-53-BLG-BMM |
| Plaintiff, | |
| vs. | ORDER |
| YELLOWSTONE COUNTY, | |
| Defendant. | |

Plaintiff Ryan Patrick Sullivan, proceeding in forma pauperis and without counsel, filed a Complaint. (Doc. 2.) For the following reasons, the Complaint is dismissed.

**I. ALLEGATIONS**

Sullivan is currently incarcerated at Tallahatchie County Correctional Facility, in Tutwiler, Mississippi, but he is a Montana inmate. His claims stem from when he was a pretrial detainee at Yellowstone County Detention Facility, Billings, Montana. (Doc. 2 at 4.)

Sullivan's claims arose on November 7, 2019. (Doc. 2 at 4 – 5.) He characterizes his claims as First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment claims, and retaliation, municipal liability, excessive use of force, failure to protect, and RICO malicious prosecution. (Doc. 2 at 3.) Sullivan alleges very few facts to explain what happened. Sullivan states that his "genitals were

1

groped, then [he] was assaulted, and the prosecutor used perjured testimony to convict" him. (Doc. 2 at 5.) Sullivan does not otherwise explain who did what, when, and whether these events occurred only around that November, 2019, date or at other times.

## II. SCREENING STANDARD

Sullivan is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III.  ANALYSIS

There are at least three independent reasons why Sullivan's Complaint must be dismissed.

### A. Statute of Limitations

Sullivan's Complaint states his claims arose in 2019. Section 1983 contains no statute of limitations. Federal courts apply the state statute of limitations governing personal injury actions. *Wilson* v. *Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1). Sullivan's Complaint was filed too late and should be dismissed on that ground. Sullivan does allege that his claims continue to "present." (Doc. 2 at 5.) Sullivan no longer is an inmate in Yellowstone County, he cannot credibly allege a continuing tort against Yellowstone County related to his

incarceration. The docket in Sullivan's previous litigation in this Court shows that Sullivan moved to Montana State Prison in April 2021. Any claims alleged by Sullivan that arose between November, 2019, the date he asserts, and the time he left Yellowstone County, are barred by the statute of limitations.

### B. Res Judicata

Sullivan's Complaint states that he has filed another lawsuit dealing with the same facts involved in this action. (Doc. 2 at 9.) Sullivan identifies that suit as *Sullivan v. Wold et al.*, CV 20-80-BLG-SPW-TJC. (Doc. 2 at 9.) This case is currently on appeal. Res judicata bars Sullivan's new Complaint.

"The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action[.]" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Moreover, a prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States,* 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

> "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense [of res judicata] has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."

*Arizona v. California*, 530 U.S. 392, 412 (2000), supplemented, 531 U.S. 1

(citations omitted).

"The elements necessary to establish *res judicata* are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.*, at 1052 (quoting *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

All of the elements of res judicata are present, though this conclusion is based more on Sullivan's assertion that the cases are the same than similarity in the (few) facts alleged. Yellowstone County was a defendant in the previous case, and was granted judgment on the pleadings.[1] The application of res judicata proves appropriate in this context. *See Rodriguez v. City of San Jose*, 930 F.3d 1123, 1131 (9th Cir. 2019) (explaining that claim preclusion "vindicates private interests in repose and in avoiding the cost of duplicative litigation"). Sullivan's Complaint is frivolous.

**C. Failure to state a claim**

As relevant here, 42 U.S.C. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State […], subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[1] Sullivan filed two additional lawsuits in the District of Montana against several Yellowstone County defendants, *Sullivan v. Thirteenth Judicial Dist. Court*, CV 21-60-BLG-SPW-TJC, and *Sullivan v. Buechler et al.*, CV 21-61-SPW-TJC. Both cases were dismissed for failure to state a claim. Both may have some factual overlap with Sullivan's claims here, but he has not identified these cases in his Complaint as being related.

>jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[..]

A claim under § 1983 requires the following elements: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted).

Sullivan has alleged no facts regarding any individual person. Sullivan's claims against Yellowstone County must conform to the requirements of *Monell* municipal liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). To state a claim against Yellowstone County, Sullivan must allege facts that show his injuries were a result of a "policy or custom" that caused his injuries through deliberate indifference to his constitutional rights. *Id.*; *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 681 (9th Cir. 2021). "Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom." *Thompson v. City of L.A.*, 885 F.2d 1439, 1443–44 (9th Cir. 1989). Sullivan has alleged no facts related to any police or custom of Yellowstone County that resulted in his injuries. Sullivan fails to state a claim under 42 U.S.C. § 1983.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Sullivan's Complaint fails to state a claim for relief. The Court must construe a pro se litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F. 3d 1204, 1208 (9th Cir. 2017). No amendment of this Complaint would remedy these flaws. The case is dismissed.

**Accordingly, it is hereby ORDERED:**

1.  Sullivan's Complaint is **DISMISSED**. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2.  The Clerk of Court is directed to note in the docket that this counts as a strike against Sullivan within the meaning of 28 U.S.C. § 1915(g).

3.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**DATED** this 27th day of May, 2025.

_____
Brian Morris, Chief District Judge
United States District Court